UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| GSCP VI EDGEMARC HOLDINGS, L.L.C., GSCP VI PARALLEL EDGEMARC HOLDINGS, L.L.C., WSEP AND BRIDGE 2012 EDGEMARC HOLDINGS, L.L.C., AND EM HOLDCO LLC, | : Civ. A. No. _____ <br> : <br> : <br> : **NOTICE OF REMOVAL** |
| Plaintiffs, | : <br> : |
| vs. | : <br> : |
| ETC NORTHEAST PIPELINE, LLC, | : <br> : |
| Defendant. | : <br> : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant ETC Northeast Pipeline, LLC ("ETC"), by its attorneys, hereby files this Notice of Removal (the "Notice of Removal") pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to be referred to the United Stated Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court") pursuant to that certain Amended Standing Order of Reference dated January 31, 2012, and thereafter for ultimate transfer to the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"), to be heard in connection with those certain related bankruptcy cases pending as *In re EdgeMarc Energy Holdings, LLC et al.*, jointly administered as case no. 19-11104 (the "Delaware Bankruptcy Cases"). The grounds for removal include:

1.      Upon information and belief, Plaintiffs filed their complaint (the "Complaint") in the Supreme Court of the State of New York, County of New York, Index No. 652906/2019 (the "NY State Court Action") on or about May 14, 2019. A copy of the Complaint is attached hereto

as **Exhibit A**, and all other pleadings on file in the NY State Court Action are attached as **Exhibits B – E**.

2. On May 15, 2019 (the "Petition Date"), EdgeMarc Energy Holdings, LLC ("EdgeMarc") and eight affiliated debtors (each a "Debtor" and collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in the Delaware Bankruptcy Court, which initiated the Delaware Bankruptcy Cases. The Delaware Bankruptcy Cases are presently pending with the Honorable Brendan Linehan Shannon, United States Bankruptcy Judge presiding.

3. The Complaint alleges that Plaintiffs have invested approximately $850 million in EdgeMarc, Complaint, ¶ 1, and that ETC committed to construct a pipeline system that would allow Debtor EdgeMarc and its subsidiaries to bring its product, natural gas, to market. *Id.* The Complaint further alleges that the Debtors are not now producing natural gas, that ETC is at fault, and that Plaintiffs "have thus suffered hundreds of millions of dollars in losses and may lose their entire investment" in Debtor EdgeMarc. *Id.*

4. Section 1452 of Title 28 provides, in part, that a party may remove any claim or cause of action in a civil action to the district court if such district court has jurisdiction pursuant to section 1334 of Title 28. In turn, Section 1334(b) of Title 28 provides, in pertinent part, that a district court's jurisdiction extends to those civil proceedings that "arise under," "arise in" or are "related to" a case filed under the Bankruptcy Code.

5. The NY State Court Action is subject to removal pursuant to the jurisdiction of the United States District Courts over civil proceedings arising in, arising under, or related to cases under 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). 28 U.S.C. §§ 1334(b) and 1452.

6.  "In the Second Circuit . . . 'related to' bankruptcy jurisdiction exists in any civil action where the outcome 'might have any conceivable effect on [a bankruptcy] estate." *In re Residential Capital, LLC*, 488 B.R. 565, 572 (Bankr. S.D.N.Y. 2013) (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992)). "Certainty, or even likelihood, is not required" to have a "conceivable effect" on a bankruptcy estate. *Id.* (citing *Winstar Holdings, LLC v. Blackstone Grp. L.P.*, 2007 WL 4323003, at *1 n.1 (S.D.N.Y. Dec. 10, 2007)). The test of a "conceivable effect" is met "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n. 6 (1995). The law is essentially the same in the Third Circuit. *See Superior Contracting Gp. Inc. v. Rachmale (In re LTC Hldgs., Inc.)*, 587 B.R. 25, 36 n. 58 (describing the "conceivable effect" test and citing *Celotex* and *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1985)).

7.  Plaintiffs' Complaint arises in, arises under, or otherwise is related to the Bankruptcy Cases and is therefore removable under 28 U.S.C. § 1452, because, *inter alia*:

    a. The Complaint pleads damages based upon alleged breaches by ETC of a certain Amended and Restated Gas Gathering and Processing Agreement ("GPA"), and two Amended and Restated Individual Transaction Confirmations ("ITC's"), all being contracts by and between Debtor EdgeMarc Pennsylvania, LLC ("EdgeMarc Pennsylvania") and ETC, *not Plaintiffs*. *See* Complaint, ¶¶ 92-95. Nevertheless, by the Complaint, Plaintiffs seek to adjudicate important and material rights, claims and liabilities of Debtor EdgeMarc Pennsylvania under the GPA and the ITCs.

    b. Among other things, the Complaint seeks adjudication of ETC's compliance with the terms of its agreements with Debtor EdgeMarc Pennsylvania, namely whether ETC constructed the Revolution System pipeline according to required standards.

    c. Furthermore, the Complaint hinges on Plaintiffs' allegations that the landslide that damaged the Revolution System was not a force majeure event, which is a critical—if not dispositive—issue in the Debtors' litigation with ETC.

d. A determination in this litigation that the ITCs were not properly terminated will give rise to a damages claim in favor of ETC against the Debtors.

e. The Debtors are currently running a court supervised sale process in their Bankruptcy Cases.  Any sale of the Debtors' assets may require the assumption and assignment of the GPA and ITCs to a successful buyer. The outcome of this litigation, namely, adjudicating alleged defaults (whether committed by EdgeMarc Pennsylvania or ETC), rights, claims and terminations of such contracts will impact the Debtors' sale process.

f. Litigation already exists between ETC and Debtor EdgeMarc Pennsylvania in state court in Pennsylvania (the "PA State Court Action") to resolve disputes of fact and law that are inextricably intertwined with those causes of action Plaintiffs pleaded in the NY State Court Action. The NY State Court Action is removed so that a single court decides all of these interrelated disputes. *See DeAngelis v. Corzine*, 501 B.R. 155, 159 (S.D.N.Y 2012) (removal of causes of action that "are, in sum and substance, an echo" of other complaints before the court "renders removal the most efficient and equitable result."). Copies of the PA State Court Action complaint and counterclaims are attached hereto as **Exhibits F & G.**  Contemporaneously with this Notice of Removal, or shortly hereafter, ETC intends to remove the PA State Court Action and seek the transfer of same to the Delaware Bankruptcy Court.

g. The Complaint seeks a determination of whether statements and representations made to Debtor EdgeMarc (the same statements made to Plaintiffs) were negligent.  Therefore, the Complaint seeks to adjudicate potential claims by estate of Debtor EdgeMarc against ETC.  Complaint, ¶ 38 ("The Equity Owners *and EdgeMarc* pursued the Pennsylvania option after receiving assurances from Energy Transfer…") (emphasis added). *See also* Complaint, ¶ 52 ("Gatherer shall deliver a notice…to Sponsors *and Shipper* [EdgeMarc]…") (emphasis added).

h. Plaintiffs plead that ETC has caused harm and damages to the Plaintiffs <u>and</u> Debtor EdgeMarc.  *See* Complaint, ¶ 13.  Plaintiffs plead that the alleged damages occurred because "EdgeMarc has *been* unable to satisfy the volume requirements of its 'take or pay' natural gas delivery contracts." *See* Complaint, ¶ 13.  Plaintiffs plead that ETC "has damaged the value of the [Plaintiffs'] investment in EdgeMarc." *See* Complaint, ¶ 89.  Therefore, the claims pleaded are derivative of the rights of the Debtors under the GPA and ITCs, and alleged harm to the Debtors, and thus represent assets of the Debtors' estates.

i. Plaintiffs plead that acts and conduct of ETC "compounded the harm to EdgeMarc and the Equity Owners," asserting claims that arise from alleged harm to the Debtors, and then derivatively, to the Plaintiffs. *See* Complaint, ¶¶ 78-84.

j. Any outcome of the litigation may give rise to claims of res judicata, collateral estoppel, or other theories of estoppel either defensively, in favor of ETC against the Debtors', or offensively, in favor of the Debtors, against ETC.

k. The outcome of this litigation may impair rights of the Debtors' estates to investigate, and if warranted, bring claims against the Plaintiffs for their acts and conduct, prior to the commencement of the Debtors' Chapter 11 Cases. The Plaintiffs are the controlling shareholders of the Debtors and the Debtors' Board of Directors, and had complete control of the Debtors' actions pre-bankruptcy. As pleaded in the Complaint, Debtor EdgeMarc Pennsylvania decided to terminate the GPA and ITCs, thereby shutting off 50% of its revenue generating ability at a time when its liquidity situation was critical. Complaint, ¶¶ 78-84. Additionally, agreement that a "force majure" occurred GPA and ITCs would have alleviated any obligation of EdgeMarc for demand fees under the GPA and ITCs. However, by choosing to terminate the ITCs, the Debtors' dire financial situation was further exacerbated at a time when no reasonable business judgement would warrant doing so. By contrast, the termination of the ITCs preserved the ability of the Plaintiffs to bring their claims and causes of action as outlined in the Complaint.[1] The Plaintiffs' involvement in these decisions is a potential claim of the Debtors' estates that could be impacted by the outcome of this litigation.

8. As a result, ETC removes the NY State Court Action to this Court under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027 pursuant to the jurisdiction of this Court under 28 U.S.C. § 1334(b), as a civil proceeding arising under Title 11, or arising in or related to cases under Title 11, namely, the Delaware Bankruptcy Cases.

9. Matters "arising under" or "arising in" bankruptcy cases are core proceedings. *See* 28 U.S.C. § 157(b)(1). The NY State Court Action is within the Bankruptcy Court's "core" jurisdiction within the meaning of 28 U.S.C. § 157(b)(1) and (2), because it seeks a

---

[1] Absent a termination of the ITCs, the Gathering System would be deemed to have been built by the Guaranteed In-Service Date and any claims that ETC's statements to the Plaintiffs were false or misleading would evaporate.

determination of the value of Plaintiffs' interests in the Debtors. *See* 28 U.S.C. § 157(b)(2)(B). Resolution of the disputes described in the complaint may involve estate claims and / or counterclaims. *See* 28 U.S.C. § 157(b)(2)(C). The NY State Court Action further affects the administration of the estate and seeks to adjust the debtor-creditor and debtor-equity security holder relationship. 28 U.S.C. § 157(b)(2)(A), (O).

10. Even if the NY State Court Action is not a core proceeding, it is indisputably *related to* the Bankruptcy Cases, and thus, removal to this Court is proper.

11. ETC was served with a copy of the Plaintiffs' Summons and Complaint in the NY State Court Action on or about May 15, 2019. This Notice of Removal is filed within 90 days after the Petition Date as required by Bankruptcy Rule 9027(a)(2). This Notice of Removal is timely under Bankruptcy Rule 9027 and 28 U.S.C. § 1452(a).

12. No previous notice of removal has been filed in this or any other court.

13. Pursuant to 28 U.S.C. § 1452(a), assignment to the United States District Court for the Southern District of New York is proper because the Plaintiffs filed the NY State Court Action in the Supreme Court of the State of New York, County of New York. As a mechanical matter, it is necessary to remove to the District Court in the jurisdiction where the state court action is pending, for transfer to the court where the bankruptcy matter is pending.

14. Pursuant to Bankruptcy Rule 9027, the Notice of Removal is accompanied by a copy of all process and pleadings filed in the NY State Court Action, with the exception of any discovery material, and are attached hereto as Exhibits A through E.

15. Pursuant to Bankruptcy Rule 9027(a)(1), ETC hereby consents to entry of final orders or judgment by the Delaware Bankruptcy Court.

16.     Upon the filing of this Notice of Removal in the United States District Court for the Southern District of New York, written notice of removal will be given to Plaintiffs and to the New York County Supreme Court. ETC will promptly serve on Plaintiffs and file with the New York County Supreme Court a Notice of Filing of Notice of Removal to Federal Court pursuant to Rule 9027.

**WHEREFORE**, ETC requests that upon receipt of this removed action, the United States District Court for the Southern District of New York, refer this action to the United States Bankruptcy Court for the Southern District of New York, and thereafter transfer this matter to

49024567;5

the United States Bankruptcy Court for the District of Delaware. A separate motion to transfer venue will be filed.

Dated: June 4, 2019                     PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Beth E. Levine*
Laura Davis Jones (*pro hac vice* application to be filed)
Beth E. Levine.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email: ljones@pszjlaw.com
           blevine@pszjlaw.com


and

Michael P. Lynn (*pro hac vice* application to be filed)
Chris Patton
John Adams (*pro hac vice* application to be filed)
LYNN PINKER COX & HURST, L.L.P.
2100 Ross Avenue, Suite 2700
Dallas, Texas  75201
Telephone:  (214) 981-3800
Facsimile:  (214) 981-3839
Email: mlynn@lynnllp.com
           cpatton@lynnllp.com
           jadams@lynnllp.com

*Counsel to ETC Northeast Pipeline, LLC*

49024567;5